Eric D. Morton SBN 134429
emorton@clearskylaw.com
Kellie M. Delaney SBN 265657
kdelaney@clearskylaw.com
CLEAR SKY LAW GROUP, P.C.
2173 Salk Avenue, Suite 250
Carlsbad, CA 92008
P: (760) 722-6582
F: (760) 722-6588

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**THE SCREEN LADY, INC., a California Corporation,**

**Plaintiff,**

**v.**

**J.R. SCHANTZ, an individual doing business as THE SCREEN MACHINE; and WAYNE'S SCREEN MACHINE, a California Corporation,**

**Defendants.**

**Case No.** '16CV2528 JAH BGS

**COMPLAINT FOR:**
**1. Trademark infringement**
**2. Unfair competition**
**3. Cybersquatting**
**4. Trademark Infringement (California Business and Professions Code)**
**5. Unfair Competition and Trademark Infringement (California Business and Professions Code)**

**Jury Trial Demanded**

**Complaint Jurisdiction and Venue**

1. This Court has jurisdiction by virtue of the fact that this is a civil action under the United States Trademark Act (15 U.S.C. § 1051, et seq.), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c).

//

//

//

**Parties**

1. Plaintiff is, and was at all times herein, a corporation organized and authorized to do business under the laws of the State of California.

2. Defendant J.R. Schantz is an individual residing in San Diego County, California and doing business as The Screen Machine in San Diego, California.

3. Defendant Wayne's Screen Machine is, and was at all times herein, a corporation organized and authorized to do business under the laws of the State of California.

4. At all times mentioned in this complaint, all of the defendants were agents and/or employees of the other defendants, and, in doing the acts alleged in this complaint, acted within the course and scope of such agency or employment.

**Facts**

5. In 2002, Plaintiff's predecessor in interest, Nhorma Eischen ("Eischen"), began doing business in San Diego County, California under the fictitious business name "The Screen Machine of North County." Eischen's business provided services in the installation, repair and replacement of window and door screens. Eischen's customers were contractors, landlords, and the general public. By 2003, Eischen was known to her customers and the general public as "The Screen Lady." In March 2010, Eischen stopped using the service name "The Screen Machine of North County". Eischen filed a fictitious business name statement with the San Diego County Recorder's Office for the name "The Screen Lady" on March 29, 2010. Many of Eischen's customers only knew her business as "The Screen Lady" and expressed surprise in 2010 when informed that Eischen had formally changed her fictitious business name to "The Screen Lady." Eischen continuously used the service name "The Screen Lady" from March 2010 for the installation, repair and replacement of window and door screens until May 2013.

6. On May 2, 2013, articles of incorporation for Plaintiff were filed with the California Secretary of State. In May 2013, Nhorma Eischen transferred all rights, title and interest in the assets of the business known as "The Screen Lady" to Plaintiff including the service name "The Screen Lady" and all the goodwill associated with that service name. Eischen

is the principal and owner of Plaintiff. Plaintiff has continuously used the service name "The Screen Lady" since May 2013.

7. Eischen and Plaintiff have used the distinctive name and mark "The Screen Lady" in connection with services and the mark has been prominently displayed as the name of Plaintiff's business, as the brand name of its services, and as the name of Plaintiff's website using the domain www.thescreenlady.net since March 2010.

8. Plaintiff owns the California state trademark registration for the service mark "The Screen Lady," California Reg. No. 120236, in International Class 37 for "installation, repair and replacement of window and door screens." The California Secretary of Stated issued registration on August 17, 2015.

9. Plaintiff owns the United States trademark registration for the service mark "The Screen Lady", U.S. Reg. No. 4,985,377, in International Class 37 for "installation, repair and replacement of window and door screens." The U.S. Patent and Trademark Office issued this registration on June 21, 2016. Said registration is valid and subsisting, and in accordance with § 1057(b) of the United States Trademark Act, is prima facie evidence of Plaintiff's ownership of the mark, the validity of the mark, and its exclusive right to use the mark in connection with the above-identified services.

10. Plaintiff has sold many hundreds of thousands of dollars' worth of services under "The Screen Lady" mark, and has invested thousands of dollars to promote and advertise its services. By virtue of its consumer recognition, long use and fictitious name filing and registrations, "The Screen Lady" mark represents valuable trademark rights owned by Plaintiff. As a result of Plaintiff's long use, advertising and promotion, "The Screen Lady" mark is strongly associated with Plaintiff and represents extremely valuable goodwill owned by Plaintiff.

11. Plaintiff is informed and believes that after Eischen became recognized by consumers and the public as the "The Screen Lady" name and after the mark "The Screen Lady" became distinctive and associated with Eischen's business, Defendants acquired registrations for the domain names thescreenlady.com and screenlady.net with the intent to divert Internet users to Defendants' website. Subsequently, Defendants began using said domain names in commerce

to divert Internet users to Defendants' website which has the domain of gotigerwire.com. Defendants' business, done under the service name, The Screen Machine, provides services for installation, repair and replacement of window and door screens nearly identical as Plaintiff. Such domain registration and continued use was in bad faith as Defendants sought to profit from Plaintiff's distinctive mark "The Screen Lady".

12. Defendant's infringing domain names are confusingly similar to Plaintiff's mark and domain name. Defendants' continuing use of the infringing domain names are likely to mislead Internet users seeking Plaintiff's services to Defendant's website and have caused actual consumer confusion among Internet users seeking Plaintiff's website.

13. On information and belief, Defendants do not have any intellectual property rights in "The Screen Lady," thescreenlady.com, screenlady.net, or any other terms identical or similar to Plaintiff's "The Screen Lady" mark.

14. On information and belief, Defendants are deliberately using the domain names thescreenlady.com and screenlady.net to attract and divert Internet users to Defendants' website for the purpose of commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with Plaintiff and its mark and domain name.

15. Defendants' use of the infringing domain names are without Plaintiff's consent.

16. Plaintiff demanded that Defendants cease use of the infringing domain names, but Defendants refused to comply.

17. On information and belief, Defendant's actions have been and continue to be committed intentionally with full knowledge of Plaintiff's prior rights and the fact that such actions are likely to cause further confusion, mistake or deception, and in a deliberate attempt to trade on Plaintiff's goodwill.

19. Defendants' acts are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff until enjoined by this Court; wherefore, Plaintiff is without adequate remedy at law.

//
//

**Count 1**

**Trademark Infringement**

20. Plaintiff realleges paragraphs 1 through 19, as if fully set forth herein.

21. Defendants' use of the infringing domain names is likely to continue to cause confusion, mistake, or deception as to the source, origin, sponsorship or approval of Defendants' services in that purchasers and others are likely to believe Plaintiff authorizes or controls Defendants' website and services or that Defendants are associated with or related to Plaintiff.

22. Defendants' use of the infringing domain name constitutes trademark infringement in violation of the Trademark Laws of the United States, 15 U.S.C. § 1114.

23. On information and belief, Defendants' wrongful use of the infringing domain name is deliberate, intentional and willful attempts to injure Plaintiff's business, to trade on Plaintiff's business reputation, and to confuse or deceive purchasers.

**Count 2**

**Unfair Competition**

24. Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

25. Defendants' use of the infringing domain names constitutes unfair competition in violation of the Trademark Laws of the United States, 15 U.S.C. § 1135(a), and the laws of the various states, including California.

**Count 3**

**Cybersquatting**

26. Plaintiff realleges paragraphs 1 through 25, as if fully set forth herein.

27. On information and belief, Defendants are using the infringing domain names with the bad faith intent to profit from their confusing similarity to, and dilutive effect on, Plaintiff's mark.

28. Defendant's use of the infringing domain names constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

//

//

**Count 4**

**Trademark Infringement**

(California Business and Professions Code)

29. Plaintiff realleges paragraphs 1 through 28, as if fully set forth herein.

30. Eischen and Plaintiff have continuously done business under the corporate and trade name "The Screen Lady" since March 29, 2010. Eischen built considerable common law goodwill and recognition under the name The Screen Lady since 2002. Plaintiff has built up valuable goodwill in this trade name, and it has come to be associated exclusively with Plaintiff's business by the public generally throughout Southern California, and San Diego County, California in particular, as reflected by advertising, public recognition and sales since March 2010.

31. Defendants are engaged in the nearly identical business as Plaintiff in San Diego County, California. Defendants' domain names thescreenlady.com and screenlady.net are substantially similar to Plaintiff's trade name and corporate name and Defendants' use of that name creates a likelihood that Plaintiff's customers, potential customers, and the public generally will be confused or misled as to the source of goods or services in that consumers searching for "The Screen Lady" on the Internet will be diverted to Defendants' website.

32. Defendants threaten to, and unless restrained will continue to, use the domains thescreenlady.com and screenlady.net, as a result of which the public generally will be misled and deceived when searching for Plaintiff on the Internet, all to the irreparable injury of Plaintiff's business and goodwill and to the unjust enrichment of Defendants. Plaintiff has no adequate remedy at law in that it is extremely difficult to ascertain the amount of damages to plaintiff's business and goodwill.

33. Defendants' continuing use of the confusingly similar domains constitutes an infringement and violation of Plaintiff's rights in its trade name in accordance with California Business and Professions Code § 14416 and California Business and Professions Code §14245. On information and belief, Defendants' wrongful use of the infringing domain name constitute deliberate, intentional and willful attempts to injure Plaintiff's business, to trade on Plaintiff's

business reputation, and to confuse or deceive purchasers such as to justify the award of punitive damages.

34. Unless restrained by this Court, Defendants threaten to and will continue to use the domains in violation of Plaintiff's Federal, state and common law trademark rights.

**Count 5**

**Unfair Competition**

(California Business and Professions Code § 17200)

35. Plaintiff realleges paragraphs 1 through 34, as if fully set forth herein.

36. Defendants' actions, as alleged above, constitutes unfair competition in violation of California Business and Professions Code Section 17200, et seq.

**WHEREFORE**, Plaintiff demands the following relief:

1. That Defendants, and all persons acting in concert or participating with them, be preliminarily and permanently enjoined from:

a. using the domain names thescreenlady.com and screenlady.net ("the infringing domain names") in connection with goods and services related to Plaintiff's business;

b. registering or maintaining any registration of the infringing domain names, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to "The Screen Lady" mark ("Plaintiff's mark");

c. using the infringing domain names or any other names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to Plaintiff's mark;

d. using any names, words, designations, or symbols consisting of, incorporating in whole or part, or otherwise similar to Plaintiff's mark anywhere on any website or websites of Defendants;

e. using any names, words, designations or symbols consisting of, incorporating in whole or part, or otherwise similar to Plaintiff's mark in any buried code, metatags, search terms, keywords, key terms, hits generating pages, or any other devices used,

intended, or likely to cause any website or websites of Defendants to be listed by any Internet search engines in response to any searches that include any terms identical with or confusingly similar to Plaintiff's mark;

  f. otherwise infringing Plaintiff's mark;

  g. making any description or representation stating or implying that Defendant's goods or services, domain names, or website is in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with Plaintiff;

 2. That Defendants be ordered to disclose to the Court and Plaintiff all other domain name registrations owned by Defendants in order to permit the Court and Plaintiff to consider whether any such other registrations should be subject to relief in this matter.

 3. That Defendants, and all persons acting in concert or participating in conjunction with them, be ordered to transfer their registrations in thescreenlady.com and screenlady.net and any other registrations as may be determined by the Court as appropriate herein for relief. (15 U.S.C. § 1125(d)(1)(C).)

 4. That Defendants be ordered to pay statutory damages in the amount of $100,000 per domain name. (15 U.S.C. § 1117(d).)

 5. That Defendant be ordered to account for and pay Plaintiff all profits realized by Defendants by reason of the unlawful acts as set forth in this Complaint. (15 U.S.C. §§ 1117(a).)

 6. That the Court award Plaintiff three times the damages suffered by reason of the intentional, unlawful acts of Defendants as set forth in this Complaint. (15 U.S.C. §§ 1117(a).)

 7. That Defendants be ordered to pay Plaintiff punitive or exemplary damages as provided by law.

 8. That Defendants be required to file with this Court and serve on the undersigned counsel for Plaintiff within thirty (30) days after the entry of judgment a written report under oath setting forth in detail the manner in which Defendants have complied with the injunction ordered by this Court. (15 U.S.C § 1116.)

 9. That Defendants be ordered to pay to Plaintiff the costs of this action and reasonable attorneys' fees. (15 U.S.C. §§ 1117(a).)

10. For three times the amount of Defendant's profits derived from infringement of plaintiff's mark. (Business and Professions Code §§ Bus. & Prof. Code § 14250(a))

11. For three times the amount of plaintiff's actual damages suffered by reason of defendant's infringement of plaintiff's mark. (Business and Professions Code §§ Bus. & Prof. Code § 14250(a))

12. That Plaintiff shall have such other relief as this Court may deem just and proper.

Dated: October 10, 2016

Clear Sky Law Group, P.C.

s/Eric D. Morton

______________________________

Eric D. Morton
*Attorneys for Plaintiff*